UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Board of Trustees, National Stabilization Agreement of the Sheet Metal Industry Trust Fund, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:10cv178 |
| York HVAC Systems Corp., | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter came before the Court for a hearing on plaintiffs' Motion for Entry of Default Judgment against defendant York HVAC Systems Corp. d/b/a York HVAC System Corp d/b/a York HVAC Systems. ("York" or "defendant").

## I. INTRODUCTION

### A. Background

Plaintiffs National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), Sheet Metal Workers National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), Sheet Metal Occupational Health Institute Trust ("SMOHIT"), National Energy Management Institute Committee ("NEMIC")(NPF, ITI, NEMIC, and SMOHIT are jointly referred to as "National Funds," and together with SASMI as "plaintiffs" or "Funds"), employee benefit trust

funds, multi-employer plans and employee benefit plans established and maintained under 29 U.S.C. § 186(c) and 29 U.S.C. § 1002(37), filed this action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern suits among parties to enforce provisions of their collective bargaining agreements. Plaintiffs seek damages and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreement with the Sheet Metal Workers' International Association, Local Union No. 25, to which defendant York was a party. York also agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreement") establishing the trust funds. (See Compl. ¶¶ 16-17.)[1]

**B. Jurisdiction and Venue**

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 185(a), 1132 and 1145. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a suit for violation of a

[1] The collective bargaining agreement and Trust Agreement are hereinafter collectively referred to as "the Agreements."

contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. §§ 185(a). The plaintiff funds bringing this action maintain their principal places of business and are administered in this district. (Compl. ¶¶ 4-10; Bradshaw Decl. ¶ 2; Shaw Decl. ¶ 2.) This Court has personal jurisdiction over defendant York under the decision in Board of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendant York does business with plaintiff funds that is sufficient to create personal jurisdiction in this district. Additionally, personal jurisdiction is proper as a substantial part of the events or omissions giving rise to the claim occurred in this district.

**C. Service of Process**

Process was served on defendant York by hand-delivering copies of the Summons and Complaint to Debra Bolat, office manager of defendant, at 450 W. 33rd Street, Suite 101, New York, on March 31, 2010. (See Complaint Summons Returned Executed (Dkt. No. 4).)

**D. Grounds for Default**

Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On April 26, 2010,

plaintiffs filed a Request for Entry of Default with the Clerk's office. The Clerk entered default as to defendant on April 30, 2010. On May 4, 2010, plaintiffs filed a Motion for Default Judgment and the hearing was conducted on June 7, 2010. After a representative for defendant failed to appear at the June 7 hearing, the undersigned Magistrate Judge took the case under advisement to issue this Report and Recommendation.

## II. FACTUAL FINDINGS

Based on the Complaint; the Declaration of Walter Shaw, the Billing and Eligibility Manager of NPF[2] ("Shaw Decl."); the Declaration of Harold W. Bradshaw, the Fund Administrator for SASMI ("Bradshaw Decl."); the Declaration of Jerome A. Flanagan, Esquire, plaintiffs' counsel ("Flanagan Decl."); and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings of fact.[3]

Defendant York is a corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office located in New Jersey.

[2]NPF monitors the remittance and collection of monthly fringe benefit contributions for ITI, NEMIC, and SMOHIT. (Shaw Decl. ¶ 1.)

[3] Documents submitted in proof of damages include plaintiffs' Motion for Default Judgment ("Mot. for Default J.") and Memorandum in Support of Motion for Default Judgment ("Mem. Supp. Default J."), which includes several exhibits.

Plaintiffs,[4] who are employee benefit plans or trust funds, bring this action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Mot. for Default J. ¶ 7.) Plaintiffs seek to collect unpaid monthly benefit plan contributions, interest and liquidated damages on unpaid and delinquent contributions, injunctive relief, and attorneys' fees and costs due under the terms of the Collective Bargaining Agreements, Agreements and Declarations of Trust, and the Rules and Regulations for the Funds governing the relationship between York and the plaintiffs. The Agreements were approved on plaintiffs' behalf by Sheet Metal Workers' International Association Local Union No. 25. (Shaw Decl. ¶ 3; Bradshaw Decl. ¶ 4.)

Plaintiffs seek an order holding defendant liable and requiring defendant: (1) to file remittance reports and make contributions due the National Funds for the months of February 2009 through December 2009;(2) to pay all contractual late charges and all interest and liquidated damages on the unpaid contributions; and (3) to pay plaintiffs' reasonable attorneys'

---

[4] As stated above, plaintiffs include National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), Sheet Metal Workers National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), National Energy Management Institute Committee ("NEMIC"), and Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT").

fees and costs in bringing this action, as well as any additional fees and costs incurred in the execution of any judgment awarded. (Shaw Decl. ¶ 7; Bradshaw Decl. ¶ 6; Flanagan Decl. ¶¶ 1-4.)

In addition, plaintiffs seek injunctive relief enjoining the defendant and all persons acting on its behalf from refusing to submit to an audit of its wage, payroll, and personnel records for all periods which defendant is obligated to contribute to the funds within twenty (20) days of the date of an Order on plaintiffs' Motion and from refusing to file complete, proper, and timely remittance reports with accompanying contributions for all periods for which defendant is obligated to do so under its current and future collective bargaining agreements. (Ex. 1 to Mot. for Default J.)

The Agreements require defendant to submit monthly contributions to the plaintiffs on behalf of all covered employees. Contributions must be made for each hour for which employees worked, each hour for which employees were paid, and for the wages and fringe benefits due at the contribution rate specified in the Agreements. In addition to monthly contributions, the Agreements require defendant to submit monthly remittance reports on which the defendant is to list, inter alia, their employees and the hours they worked or for which they received pay that month, and the wages and fringe benefits due to or on behalf of covered employees. The completed remittance reports and accompanying contributions are due the Funds by the

twentieth (20th) day of the month following the month in which covered employment occurred ("due date"). (Compl. ¶¶ 18-20.)

In violation of the Agreements, defendant has failed to submit timely monthly contributions to the National Funds and SASMI for the for the period of February 2009 through December 2009. (Shaw Decl. ¶ 6; Bradshaw Decl. ¶ 5.) Pursuant to the Agreements and under § 502(g)(2) of ERISA,[5] plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain unpaid;[6] (3) liquidated damages for contributions which were paid late or remain unpaid;[7] and (4) reasonable attorneys' fees and the costs of this action.

The amounts due in unpaid and delinquent monthly contributions, accrued interest on unpaid and delinquent contributions calculated through April 20, 2009, and liquidated damages on unpaid and delinquent contributions for each of the Funds are summarized as follows:

---

[5] 29 U.S.C. § 1132(g)(2).

[6] For the National Funds and SASMI, interest is calculated at the rate prescribed by the rules of the National Funds and SASMI that are incorporated in the collective bargaining agreement, eight and one-half percent (8.5%), as of January 1, 2007. (See Shaw Decl. ¶ 9(b).)

[7] For the National Funds and SASMI, liquidated damages are assessed in an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the contributions that were unpaid on the date the lawsuit was filed. (Mem. Supp. Default J. at 12, 26)

| Fund | Payments Due | Interest | Liq. Dam. | Total |
|---|---|---|---|---|
| NPF | $35,565.48 | $2,061.57 | $7,113.04 | $44,740.09 |
| ITI | 671.07 | 36.82 | 132.46 | 840.35 |
| NEMIC | 167.76 | 9.20 | 33.11 | 210.07 |
| SMOHIT | 111.84 | 6.15 | 22.01 | 140.00 |
| SASMI | 10,300.77 | 616.55 | 2,031.57 | 12,948.89 |
| TOTAL | $46,816.92 | $2,730.29 | $9,332.19 | $59,879.40 |

(Mem. Supp. Default J. at 26-27; Shaw Decl. ¶ 7; Bradshaw Decl. ¶ 8.)

Finally, plaintiffs seek $3,161.97 in attorneys' fees and costs. In support of this request, plaintiffs submitted the Declaration of Jerome A. Flanagan, Esquire (Ex. 8 to Mem. Supp. Default J.)and a time and expense report from Jennings Sigmond P.C. (Ex. 9 to Mem. Supp. Default J.). The undersigned Magistrate Judge finds the requested costs and fees to be reasonable.

## III. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of judgment in favor of plaintiffs having concluded that plaintiffs National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), Sheet Metal Workers National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), Sheet Metal Occupational Health Institute Trust ("SMOHIT"), and National Energy Management Institute Committee ("NEMIC"), collectively, are entitled to recover the following: $46.816.92 in unpaid contributions; $2,730.29 accrued interest through April 20, 2010, $9,332.19 in

liquidated damages; and $3,161.97 in reasonable attorneys' fees and costs. Thus, the recommended award total is $62,041.37.

The undersigned Magistrate Judge further recommends granting the following injunctive relief: that defendant, its officers, agents, servants, employees, attorneys, and all persons acting on their behalf or in conjunction with them be restrained and enjoined from failing to (1) submit to an audit of its wage, payroll, and personnel records for all periods for which defendant is obligated to contribute to the Funds within (20) days of the date this order becomes final and (2) file complete, proper and timely remittance reports with accompanying contributions for all periods for which defendant is obligated to contribute to the Funds under the collective bargaining agreement.

If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## IV. NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen(14) days of its service. A failure to object to this

Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

York HVAC Systems Corp.
d/b/a York HVAC Systems Corp
d/b/a York HVAC Systems
450 W. 33rd Street, Suite 101
New York, NY 10001

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

July 6, 2010
Alexandria, Virginia